### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**SARAH O. WHITE**                                    **CIVIL ACTION**

**VERSUS**                                            **NO.   09-6362**

**WARDEN LOUISIANA TRANSITION**                       **SECTION "R"(4)**
**CENTER FOR WOMEN, ET AL.**

### REPORT AND RECOMMENDATION

  This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.  Factual Background

  The petitioner, Sarah O. White ("White"), is an inmate currently incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[2]  On March 18, 2003, White

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 14.

was charged by bill of information in St. Tammany Parish with car jacking and aggravated flight from an officer.[3]

On June 16, 2003, the State amended count one of the bill of information to charge White with theft of a thing over $500.00, instead of car jacking.[4]  White entered a plea of guilty to the amended charge and to the flight from an officer charge.  According to the transcript, on January 2, 2003, the victim stopped at a gas station and left his vehicle in park with the keys in it.[5]  He went inside the store to pay for his gas.  While he was away, White got into the driver's seat and took off at a high rate of speed.  The police, who happened to be nearby, saw the car moving at a high rate of speed and began pursuit.  White eventually entered the lane of oncoming traffic.  She eventually complied with the officers' instructions to stop the vehicle.

At the sentencing hearing held on June 25, 2003, the Trial Court sentenced White to serve 10 years in prison for theft and two years in prison for flight from an officer.[6]  The State thereafter filed a multiple offender bill of information charging White as a second offender.[7]

On September 17, 2003, White was adjudicated as a multiple offender and re-sentenced to serve 10 years without benefit of parole, probation, or suspension of sentence.[8]  White's conviction became final 30 days later, on October 17, 2003, when she did not appeal or seek review of her

---

[3]St. Rec. Vol. 1 of 1, Bill of Information, 3/18/03.

[4]St. Rec. Vol. 1 of 1, Plea Transcript, 6/16/03; Plea Minutes, 6/16/03; Bill of Information, 3/18/03 (as amended 6/16/03).

[5]*Id.*, p. 10.

[6]St. Rec. Vol. 1 of 1, Sentencing Transcript, p. 2, 6/25/03; Sentencing Minutes, 6/25/03.

[7]*Id.*, p. 3; Multiple Bill, 6/25/03.

[8]St. Rec. Vol. 1 of 1, Multiple Bill Hearing Minutes, 9/17/03.

sentence. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914).[9]

## II.   State Post-Conviction Proceedings

Over six months later, on May 24, 2004, White submitted a motion requesting that the Trial Court reconsider her sentence.[10]  The Trial Court denied the motion as untimely on June 17, 2004.[11]

On August 19, 2005, the clerk of the state trial court, wrote a letter to White which stated as follows:[12]

> In response to your letter concerning an application for post conviction relief you mailed in March 2005, which this office never received.  The criminal and civil file has been checked and no record of the post conviction being received.

Thereafter, on September 11, 2005, White submitted an application for post-conviction relief in which she raised four grounds for relief:[13] (1) her guilty plea was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea; (2) the sentence was excessive; (3) the public defender was unconcerned about her sentence and said

---

[9]The *Cousin* court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period.  *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). At the time of *Cousin*, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[10]St. Rec. Vol. 1 of 1, Motion to Reconsider Sentence, 5/28/04 (dated 5/24/04).

[11]St. Rec. Vol. 1 of 1, Trial Court Order, 6/17/04.

[12]St. Rec. Vol. 1 of 1, Letter from Clerk of Court, 8/19/05.

[13]St. Rec. Vol. 1 of 1, Application for Post-Conviction Relief, 9/15/05 (dated 9/11/05).

he could not help her; and (4) she has "turned over my life" in prison and wants to see the judge.[14] The Trial Court denied relief on September 22, 2005, finding that she failed to state grounds for relief and noting that the court had questioned her about the voluntariness of her plea.[15]

Two months later, on November 14, 2005, White filed a motion for leave to appeal from the trial court's ruling.[16] The Trial Court denied the motion finding that the appeal delays had expired.[17]

### III.   Federal Petition

On September 9, 2009, the clerk of the United States District Court for the Western District of Louisiana filed White's petition for federal habeas corpus relief, in which she raised three grounds for relief:[18] (1) she has become clean and sober and she is ready to be heard about the truth of the claims against her; (2) the prosecutor was biased and had a conflict of interest because he was related to her ex-husband; and (3) her lawyer was related to the victim.

The State filed an answer in opposition to White's petition alleging that the petition was not timely filed, White did not exhaust state court remedies as to any of her claims, and in the alternative, the claims are otherwise meritless.[19] In her traverse, White argues that her claims have merit and should be reviewed.[20]

---

[14]St. Rec. Vol. 1 of 1, Application for Post-Conviction Relief, 9/15/05 (dated 9/11/05).

[15]St. Rec. Vol. 1 of 1, Trial Court Order, 9/22/05.

[16]St. Rec. Vol. 1 of 1, Motion for Appeal, 11/14/05.

[17]St. Rec. Vol. 1 of 1, Trial Court Order, 11/16/05.

[18]Rec. Doc. No. 1.

[19]Rec. Doc. No. 16.

[20]Rec. Doc. No. 17.

## IV.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[21] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on September 7, 2009.[22]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b)-(c) (2006)).

In this case, the State argues that White's petition was not timely filed and that her claims are not exhausted.  While the record reflects that White has not pursued review of the claims raised in the state trial court, the limitations defense is dispositive of her petition for the following reasons.

## V.    Statute of Limitations

The AEDPA requires a petitioner to bring her § 2254 claim within one year of the date her conviction became final.[23]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  White's conviction

---

[21]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of the Western District filed White's petition on September 9, 2009.  White's signature on the cover letter attached to the petition is dated September 7, 2009.  This is the earliest date on which she could have submitted the pleadings to prison officials for mailing.

[23]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

became final on October 17, 2003, which was 30 days after she was sentenced as a multiple

offender.  Under the plain language of § 2244, White had until October 18, 2004,[24] to file a timely

federal application for habeas corpus relief and she failed to do so.  Thus, literal application of the

statute would bar White's § 2254 petition as of that date unless she is entitled to tolling as provided

for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a

state post-conviction application to be considered "properly filed" within the meaning of §

2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such

as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v.

Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th

Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir.

---

A.      the date on which the judgment became final by the conclusion of direct review or the
        expiration of the time for seeking such review;
B.      the date on which the impediment to filing an application created by State action in violation
        of the Constitution or laws of the United States is removed, if the applicant was prevented
        from filing by such State actions;
C.      the date on which the constitutional right asserted was initially recognized by the Supreme
        Court, if the right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review;  or
D.      the date on which the factual predicate of the claim or claims presented could have been
        discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward any
period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

[24]October 17, 2004, was a Sunday, so the deadline falls to the next business day, Monday, October 18, 2004.

1999).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).  Requests for document and transcript copies, like those filed by this petitioner, are not other collateral review for purposes of the tolling calculation.  *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No.

01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, the AEDPA filing period began to run on October 18, 2003, the day after White's conviction became final.  It ran for 219 days, until May 24, 2004, when she submitted the motion to reconsider her sentence.  That motion remained pending until Monday, July 19, 2004,[25] which was 30 days after the trial court ruled and she did not seek review of that order.

The filing period began to run again on July 20, 2004, and did so for the remaining 146 days, until Monday, December 13, 2004, when it expired.[26]  White had no properly filed state post-conviction or other collateral review pending during that period.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)  Equitable tolling is warranted <u>only</u> in situations where

---

[25]The thirtieth day was Saturday, July 17, 2004, and therefore fell to the Monday, July 19, 2004.

[26]The last day fell on Sunday, December 12, 2004, and the last day falls to the following business day, Monday, December 13, 2004.

the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). In this case, White has not provided, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.[27]

White's federal petition is deemed filed on September 7, 2009, which is almost five years after the AEDPA filing period expired on December 13, 2004. White's federal petition must be dismissed as untimely filed.

## VI. Recommendation

It is therefore **RECOMMENDED** that Sarah O. White's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[27]Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland*, 130 S.Ct. at 2574-75 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[28]

New Orleans, Louisiana, this 3rd day of March, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[28]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.